UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRYSTAL CRUZ,**

        **Plaintiff,**

**v.**                                            **Case No: 6:24-cv-1008-RBD-EJK**

**CREDITMAX EXPERTS, LLC,**

        **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (the "Motion") (Doc. 11), filed July 31, 2024. Upon consideration, the Motion is due to be granted.

**I.    BACKGROUND**

Plaintiff filed a Complaint against Defendant Creditmax Experts, LLC, on May 31, 2024, for alleged violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C § 1679, *et seq*. (Doc. 1.) The Proof of Service affidavit reflects that Defendant was served on June 26, 2024, through service on an employee of its registered agent. (Doc. 10.) Plaintiff now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 11.) The Motion is now ripe for review.

**II.    STANDARD**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

### III. DISCUSSION

Defendant is an LLC operating in Florida. (Doc. 1 ¶ 5.) Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B).

The Proof of Service affidavit reflects that Defendant was served on June 26, 2024, through service on an employee of its registered agent, Rafael B. Matos. (Doc. 10.) Florida's Division of Corporation's website confirms that Rafael B. Matos is Defendant's registered agent.[1] Therefore, service was effective under Rule 4(h)(1)(B).[2]

---

[1] *Detail by Entity Name of CreditMax Experts, LLC,* Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryType=EntityName&directionType=Initial&searchNameOrder=CREDITMAXEXPERTS%20L190001941080&aggregateId=flal-l19000194108-fbf1f23d-e31b-4128-8df9-0f66ba177465&searchTerm=Creditmax%20&listNameOrder=CREDITMAX%20L040000090470 (last visited Sept. 23, 2024).

[2] Florida Statute § 48.091(4) states that if the natural person registered agent is temporarily absent, service of process on the registered agent's employee is acceptable.

Since Defendant was served on June 26, 2024, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

### IV.  CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion (Doc. 11) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant.

**DONE** and **ORDERED** in Orlando, Florida on September 25, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE